UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-CR-20104-MARTINEZ/BECERRA

UNITED STATES OF AMERICA,

vs.

MARIO A. PALACIOS PALACIOS, et al.
_____/

### DEFENDANTS' JOINT MOTION FOR LEAVE TO PARTICIPATE IN ALL CIPA SECTION 4 PROCEEDINGS AND SUPPORTING MEMORANDUM OF LAW.

Defendant Mario **Palacios Palacios**, joined by co-defendants Arcangel **Pretel Ortiz**, Antonio **Intriago**, Walter **Veintemilla**, Christian **Sanon**, James **Solages**, Joseph **Joel John**, Joseph **Vincent**, German **Rivera Garcia**, and Frederick **Bergmann** (the "remaining defendants"), pursuant to *United States v. Rezaq,* 156 F.R.D. 514 (D.D.C 1994) (*modified by United States v. Rezaq*, 899 F.Supp. 697 (D.D.C. 1995)) and the additional authorities set forth in the incorporated memorandum of law, request leave to participate in all *in camera* Classified Information Procedures Act ("CIPA") Section 4 proceedings that will take place during the course of this prosecution. *See generally* CIPA, 18 U.S.C. App. III. The government prefers to conduct all Section 4 proceedings on an *ex parte* basis and so opposes this request.

In a separate motion to be filed along with this submission, defendants also jointly request that this Court direct the appropriate government officials to process defense counsel's applications to obtain the security clearance necessary to view the classified materials involved in this matter.

Defendants' instant motion is based on the following grounds:

1.  Defendants are charged with various offenses stemming from their alleged involvement in

1

the assassination of President Jovenel Moise of Haiti on July 7, 2021. Trial is set to begin on May 6, 2024.

2.	On May 18, 2023, the government filed a motion seeking a pre-trial conference, in part, to establish a briefing schedule and proceedings under CIPA Section 4. *See* DE270. Pursuant to Section 4, the government intends to request the Court's "*ex parte* and *in camera* review of its decisions regarding the discoverability of classified information, and, if determined to be discoverable, whether government-proposed summaries, or substitutions, would place the defendant in substantially the same position as the underlying classified information." *Id.* at 8. Thus, the Court must decide whether admittedly *relevant* unaltered, redacted or otherwise modified classified information will also be *helpful* to the defendant and must, therefore, be disclosed. It is clearly a hugely important decision the Court must make.

3.	At the status conference on June 20, 2023, the government confirmed that classified information would be involved in this prosecution and re-iterated its desire to conduct the Section 4 exchange on an *ex parte* basis. Defense counsel informed the Court that defendants intended to seek leave to participate in all Section 4 proceedings. This is their formal request to do so.

## **Memorandum of Law.**

4.	It has been repeatedly acknowledged that CIPA neither creates any new right of discovery nor expands the rules governing the admissibility of evidence. *See, e.g., United States v. Johnson*, 139 F.3d 1359, 1365 (11th Cir. 1998). It merely applies pre-existing criminal discovery rules to matters involving classified information. *See, e.g., United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363-64 (11th Cir. 1994). Thus, evidence that is relevant and helpful to the defense must still be disclosed, in one form or another. *See United States v. Amawi*, 695 F.3d 457 (6th Cir.

2012). Even information entitled to national security protection "must give way under certain circumstances to a defendant's right to present a meaningful defense." *See United States v. Hanna,* 661 F.3d 271, 295 (6th Cir. 2011) (*quoting United States v. Aref*, 533 F.3d 72, 79 (2d Cir. 2008)).

5. In deciding whether (and in what form) classified information must be disclosed to the defense under Section 4, the Court must consider several factors which have been defined in various ways. *See, e.g., United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989). However, a basic requirement for disclosing relevant classified information to a defendant is that the information also be material or "at least helpful to the accused." *See Amawi*, 695 F.3d at 469 ("evidence that is relevant and helpful *cannot* be withheld" from the defense under CIPA).

6. In presenting its position regarding whether it must produce *any* classified information in any form (including redactions, substitutions, etc.), the statute expressly provides that: "The court *may* permit the United States to make a request for such authorization in the form of a *written statement* to be inspected by the *court alone*." Section 4 (emphasis added). (The statute says nothing about *ex parte* Section 4 *hearings* before the court.)

7. However, CIPA does not entirely displace traditional federal rules of discovery. Therefore, even under CIPA, "*ex parte* filings are *not required nor even favored.*" *Rezaq*, 156 F.R.D. at 526. There remains "the very strong presumption against *ex parte* proceedings, even when statutorily permitted." *Id.* at 527 (*citing United States v. George*, 786 F.Supp. 11, 16 (D.D.C. 1991) ("*Ex parte* proceedings are generally disfavored, even when the federal rules expressly permit them.").

8. Thus, in *Rezaq* (*affirmed* in *United States v. Rezaq*, 134 F.3d 1121 (D.C. Cir. 1998)), the

3

district court *denied* the government's request, similar to the one made here, "to file statements *ex parte, in camera* and under seal in support of its upcoming motion to deny or limit discovery of [classified] information." Although it granted the government's request to file its supporting statement *in camera* and under seal (to which defendants have no objection here), "[t]he government asks too much," the court found, "when it expects this court to exclude defendant's *counsel* from reviewing the CIPA statements." *Id.* at 527 (emphasis in original).

9. "*Ex parte* proceedings here," the court observed, "would force this court into the very awkward position of making defendant's case and then deciding his claim." *Id.* at 527; *see generally United States v. Dennis*, 384 U.S. 855, 875 (1966) ("In our adversary system, it is enough for judges to judge. The determination of what may be useful to the defense can properly and effectively be made *only by an advocate*.") (emphasis added).

10. In sum, the court in *Rezaq* denied the government's specific request for an *ex parte* consideration of Section 4 matters because it concluded it would "benefit from the arguments of counsel on *both* sides concerning these discovery issues." *Id.* (emphasis added). Furthermore, the court observed: "Requiring the court to do defense's job as well as its own not only raises the *appearance of impropriety*, it taxes scarce judicial resources as well." *Id.* at 527 (emphasis added) (*citing United States v. Soloman*, 422 F.2d 1110, 1119 (7th Cir 1970)).

11. The court's decision to permit defense counsel to review the government's CIPA submissions in *Rezaq* was made easier by the fact that counsel had previously obtained security clearance to review classified information: "Defense counsel have received security clearances, and there is every reason to think that Mr. Rezaq's counsel can be trusted with this sensitive information." *Id.* at 527. Thus, while having security clearance *by itself* may not entitle defense

counsel to participate in a CIPA Section 4 proceeding, *see Amawi*, 695 F.3d at 474, having such clearance certainly tips the balance in favor of allowing defense counsel to participate in any Section 4 proceeding.

12. Upon the government's motion for reconsideration, the court in *Rezaq* revisited its "*absolute* prohibition on *ex parte* submissions." *See* 899 F.Supp. at 706 (emphasis added). Although the government was "not presently seek[ing] to file its *in camera* submissions *ex parte*," it sought leave to "*seek* to file" *future in camera* submissions on an *ex parte* basis if narrowly-defined truly "extraordinary" circumstances existed. *See id.* at 707 n.10. Defendants *did not oppose* the government's request.

13. While reminding the parties that it "generally disfavors *ex parte* proceedings involving the government" and that such *ex parte* communications between the court and the prosecution in a criminal case "should only be permitted in the *rarest of circumstances*," the *Rezaq* court modified its previous *absolute* prohibition against *ex parte* submissions by allowing the government "to file future *motions for leave* to file submissions *ex parte*, with the understanding that such motions must be served on the defendant and then litigated in an adversarial hearing" before the court. *See id.* at 707. Thus, the weight of the court's original ruling in *Rezaq* was hardly diminished by its subsequent review.

**WHEREFORE** Mr. Palacios and the other remaining defendants request that the Court permit defense counsel to participate in all *in camera* CIPA Section 4 proceedings that may arise.

    Respectfully submitted,

    JOAQUIN MENDEZ, P.A.
    251 Valencia Avenue, No. 141447
    Coral Gables, Florida 33114
    Telephone (305) 606-5193

By:
*s/ Joaquin Mendez*
Joaquin Mendez, Esq.
Florida Bar No. 0814652
jm@jmendezlaw.com

ALFREDO IZAGUIRRE, P.A.
338 Minorca Avenue
Coral Gables, Florida 33134
Telephone (305) 442-0425
By:
*s/ Alfredo Izaguirre*
Alfredo Izaguirre, Esq
Florida Bar No. 13556
alfredo@izaguirrelaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of June 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*s/ Joaquin Mendez*
Joaquin Mendez, Esq.