UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

CHRISTIAN E. SANON,
LOUISE MARIE SANON,     Case No. 8:13-bk-06282-MGW

    Debtors.
_____/

UNITED STATES TRUSTEE,

    GUY G. GEBHARDT,     Adv. No. 8:ap-14-

    Plaintiff,
vs.

CHRISTIAN E. SANON,
LOUISE MARIE SANON,

    Defendants.
_____/

## COMPLAINT SEEKING REVOCATION OF DISCHARGE OF DEBTORS

The United States Trustee, by and through his undersigned counsel, files this complaint to revoke the discharge of the Chapter 7 debtors, Christian E. Sanon and Louise Marie Sanon, pursuant to 11 U.S.C. §§ 727(d)(1) and (e)(1).

**GENERAL ALLEGATIONS:**

1. This is a core proceeding to determine whether the debtors' discharge should be revoked under 11 U.S.C. §§ 727(d)(1) and (e)(1). This proceeding arises from the above styled Chapter 7 bankruptcy case of the debtors, Christian E. Sanon and Louise Marie Sanon. The Court has jurisdiction based upon 28 U.S.C. §§ 157 and 1334.

2. The debtors filed a voluntary petition under Chapter 7 of the U.S. Bankruptcy Code on May 13, 2013.

3. The United States Trustee appointed Beth Ann Scharrer as the Chapter 7 trustee in this case.

4. The §341 meeting was held and concluded on June 13, 2013. At the §341 meeting, the debtors appeared under oath, and affirmed the truth and accuracy of their schedules.

5. The Schedule A filed by the debtors with their Chapter 7 petition listed one parcel of real property, identified as their homestead, at 1213 Belladonna Drive, Brandon, Florida, valued at $143,610.00.

7. The debtors' Schedule B listed personal property consisting generally of cash in the bank, household goods and furnishings, clothing and jewelry, and two automobiles. The aggregate value of the personal property listed on Schedule B was $41,997.92. The debtors did not list any interest in any incorporated or unincorporated businesses, partnerships, or joint ventures. Similarly, they did not list any equitable interests in property other than those listed on Schedule A.

8. The debtors' Schedule C claimed as exempt their bank account, household goods and furnishings, clothing and jewelry, and other miscellaneous personal property, all valued at $5,497.92.

9. The debtors' Schedule D listed a first mortgage on the homestead real property in the amount of $367,801.00. In addition, the Schedule D included two creditors with security interests in their two automobiles, with stated balances in excess of the value of the automobiles.

10. The debtors' Schedule F listed unsecured debt of $29,138.00.

2

11. On the Schedule I, the debtors listed the debtor husband's "[R]egular income from operation of a business or profession" as $5,000 per month, indicating he was a Physician/Director of Rome Foundation in Haiti, Dominican Republic. The debtors indicated the debtor wife had no income. The Schedule J filed by the debtors indicated that after expenses, the debtors had a deficit of $999.51 per month.

12. The debtors stated their intention to surrender the real property at 1213 Belladonna Drive, Brandon, Florida.

13. On the Statement of Financial Affairs, at paragraph 18, the debtors responded "None" to the question regarding whether they had held a position as an officer, director, partner, or managing executive of a corporation, partnership, or sole proprietorship, or whether they held an interest of 5% or more in any business in the last 6 years.

14. On August 16, 2013, the Court granted the debtors a general discharge.

15. After entry of the discharge, the chapter 7 trustee and the United States Trustee received information alleging the debtors owned interests in several undisclosed business entities and were, in their individual capacities, parties to a contract to sell acreage they owned in Haiti. The information and documentation received by the chapter 7 trustee and the United States Trustee included a draft copy of an agreement, referencing a blank date in January 2014, which stated the debtors, as "Sellers," agreed to transfer land in Haiti consisting of 14.25 hectars (35 acres) to an individual named Frantz Silface, the "Purchaser."

16. After the information and documentation regarding allegedly undisclosed assets was provided to the chapter 7 trustee and the United States Trustee, the debtors, on February 20, 2014,

and again on April 1, 2014, filed an amended Statement of Financial Affairs to include 7 businesses in which they had held a management position and/or equity within six years prior to filing, and which they had not previously disclosed, including businesses which owned a medical facility, a medical practice, and what appears to be a radio station, among other things. Also on April 1, 2014, the debtors amended their Schedule B to reflect ownership interests in 6 business entities, all of which they indicated had no net value in excess of corporate debt.

17. The records of the Florida Secretary of State reflect that the debtor husband, Christian E. Sanon, was an officer, director or owner of at least four additional entities within six years prior to and/or at the time of filing this chapter 7 case. The debtor's management positions and/or ownership interests in those four additional entities have never been disclosed.

**COUNT I-11 U.S.C. § 727(d)(1)**

18. The United States Trustee realleges the allegations contained in paragraphs 1 through 17, above.

19. On information and belief, at the time of the filing of the debtors' chapter 7 petition, the debtors owned interests in corporate or partnership entities which had substantial value, but which they failed to disclose on the schedules and statements filed under penalty of perjury in their bankruptcy case. It was not until the information regarding their interest in such entities was disclosed by a third party that they amended their Schedule B and their Statement of Financial Affairs to disclose some, but not all of the entities.

20. On information and belief, at the time of filing of the debtors' chapter 7 petition, the debtors owned an interest in land consisting of over 35 acres and located in Croix des Bouquets,

4

Haiti, which they intended to sell post-petition, but which they failed to disclose on the schedules and statements filed under penalty of perjury in their bankruptcy case.

21. The debtors knew that the interests in corporations or partnerships they owned were property of the bankruptcy estate. Therefore, the debtors, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property of the estate, transferred, removed, or concealed such property of the estate after the date of the filing of the petition.

22. The debtors knew the interest in the land which they appear to have intended to sell post-petition was property of the estate. Therefore, the debtors, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property of the estate, transferred, removed, or concealed such property of the estate after the date of the filing of the petition.

23. The debtors obtained the discharge granted by this Court through fraud in that the intentional failure to disclose various business entity interests, which they knew to be assets of the estate, constitutes fraud in fact.

24. The debtors obtained the discharge granted by this Court through fraud in that the intentional concealment of land, consisting of 35 acres and located in Croix des Bouquets, Haiti, which was an asset of the estate, constitutes fraud in fact.

25. The debtors obtained the discharge granted by this Court through fraud in that they made a false oath or account by failing to disclose real and personal property which they owned on the date of filing the chapter 7 petition.

26. The United States Trustee did not become aware of the fraud until after the granting of the discharge in this case.

27. As a result of the debtors' conduct, the discharge previously granted in this case should be revoked pursuant to 11 U.S.C. § 727(d)(1).

28. This action is timely filed pursuant to 11 U.S.C. § 727(e)(1) which provides for the filing of a complaint to revoke a discharge under 11 U.S.C. § 727(d)(1) within one year after such discharge is granted.

WHEREFORE, Plaintiff, the United States Trustee, respectfully requests that the discharge previously granted to the debtors be revoked pursuant to 11 U.S.C. §§ 727(d)(1) and (e)(1), and grant such other relief as the Court deems appropriate.

Respectfully submitted,

Guy G. Gebhardt
Acting United States Trustee, Region 21

By: Theresa M. Boatner
Theresa M. Boatner
Trial Attorney
FBN: 0449644
501 East Polk St., Ste. 1200
Tampa, FL  33602
(813) 228-2000