UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
    Plaintiff,
v.
                                    CASE NO.: 22-CR-20104

MARIO ANTONIO PALACIOS PALACIOS
    Defendant.
_____/

**MARIO ANTONIO PALACIOS PALACIOS'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT ("PSR") (DE 541) AND MOTION FOR MINOR ROLE**

COMES NOW, the Defendant, Mario Antonio Palacios Palacios ("Palacios") by and through the undersigned counsel, and pursuant to Rule 32, Federal Rules of Criminal Procedure hereby objects to the PSR (DE 65) on the grounds set forth herein, and states as follows:

**THE PSR OBJECTIONS**

1. As to paragraph 24 it is Palacios's position that he did not attend the meetings.

2. As to paragraph 67 it is Palacios's position that he did not meet prior to the assassination.

3. As to paragraph 88 it is Paalcios's position that he did not participate in various meetings and did not discuss proposed methods for carrying out the operation.

4. As to Paragraph 102 it is Palacios's position that he should receive a two-level decrease because he was a minor participant in the criminal activity. Additionally, the Government agreed that Palacios should receive a two-level decrease for being a minor participant in the plea agreement.

**MOTION FOR MINOR ROLE**

Whether a particular defendant is entitled to a reduction in offense level because of his role in the offense is a fact specific inquiry that must be made on a case-by-case basis. *See United States v. Rodriguez Varon*, 175 F.3d 930 at 938 (11th Cir. 1999) (en banc). This inquiry is

1

informed by consideration of the defendant's role in the conduct for which he or she is responsible at sentencing as well as by comparing the defendant's role to that of other participants in the offense. *Id.* at 941, 945. All those who could be held criminally responsible for the charged conduct are "participants" regardless of whether they were arrested, charged, or convicted. *See* U.S.S.G. § 3B1.1, comment. (n.1).

In *United States v. Boyd*, 291 F.3d 1274 (11th Cir. 2002), while the Court affirmed a district court's denial of a minor role reduction, it once again stressed that the district court "must measure the defendant's role against the relevant conduct for which he was held accountable at sentencing...and may also measure the defendant's role against other participants... in the relevant conduct." *Id.* at 1277 (quoting *Rodriguez de Varon*, 175 F.3d at 943).

The Eleventh Circuit has in recent years noted several factors that affect assessment of culpability. These include:

1. Whether the defendant had decision making authority over the object of the illegal scheme, *see United v. Delgado*, 56 F.3d 1357, 1371 (11th Cir. 1995).

Palacios at no point in time had any decision-making authority over the conspiracy. Palacios's main role was that of being a soldier who entered the home of the President. There was no evidence that Palacios was involved in making any decisions related to the conspiracy. When observing the entire conspiracy, taking into consideration the real organizers of the plot organization Palacios is the lowest level defendant. Initially Palacios entered the conspiracy under the belief that he was going to provide security for the future president of Haiti.

2. Whether the defendant participated in planning the operational aspects of the illegal scheme, *see Rodriguez de Varon,* 175 F.3d at 945, *United States v. Brazel,* 102 F.3d 1120, 1132-33, 1162-63(ll1h Cir. 1997), *Jones,* 933 F.2d at 1547.

Palacios was not involved in the organizing or planning of the conspiracy.

3. Whether the defendant recruited others into the activity, *see United States v. Matthews,* 168 F.3d 1234, 1249 (11th Cir. 1999);

There is no evidence that Palacios recruited or managed anyone in the conspiracy. There were other coconspirators in the scheme who were not recruited by Palacios.

4. Whether the defendant had authority to set the price of the illegal product, *see United States v. Stanley,* 24 F.3d 1314, 1323 (l1th Cir. 1994).

Palacios at no point controlled the scheme and was actually never even paid the $2,500 dollars he was promised for his employment as a security officer in Haiti.

5. Whether and to what extent the defendant personally engaged in any of the transactions of the scheme, *see Matthews,* 168 F.3d at 1249.

Palacios was simply a foot soldier who followed orders.

6. Whether the defendant had an equity interest in the contraband, *see Rodriguez de Varon,* 175 F.3d at 945, *United States v. Cataldo,* 171 F.3d 1316, 1320 (11th Cir. 1999).

Palacios was simply going to be paid a monthly salary of $2,500 as security personnel. Said salary was never even paid to him or his family.

7. The nature and degree of contacts the defendant had with other participants, *see Cataldo,* 171 F.3d at 1320, *United States v. Cacho,* 951 F.2d 308, 310 (11th Cir. 1992).

Palacios's contact with others in the conspiracy was extremely limited. His only contact was with the other soldiers who were from Colombia.

In closing, the relevant factors when applied to these circumstances in Palacios's case infer his lesser culpability.

## CONCLUSION

WHEREFORE, Palacios respectfully requests this Honorable Court sustain the objections set forth herein and award any and all other relief deemed just and necessary under the circumstances.

Respectfully submitted,

/s/Alfredo A. Izaguirre
Alfredo A. Izaguirre, Esq.
338 Minorca Ave.
Coral Gables, FL 33134
Tel:(305)442-0425
Email:alfredo@izaguirrelaw.com
FL Bar# 13556

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 14, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all parties.

/s/Alfredo A. Izaguirre
Alfredo A. Izaguirre, Esq.