UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO.22-20104-CR-MARTINEZ

v.

ANTONIO INTRIAGO, et al

    Defendant.
_____/

**DEFENDANT'S MOTION TO ADOPT CODEFENDANT, WALTER VEINTEMILLA'S MOTION FOR RULE 15(a)(1) PRETRIAL DEPOSITION**

**COMES NOW,** the Defendant, ANTONIO INTRIAGO, by and through undersigned counsel, hereby files this Motion to Adopt Codefendant, Walter Veintemilla's Motion for Rule 15(a)(1) Pretrial Deposition and in support thereof states as follows:

1. Defendant, Intriago who is charged with the same conspiracy as Mr. Veintemilla joins in his Motion at (D.E. 751).

2. Defendant Intriago had multiple contacts and conversations with the witness and lawyer (J.C.) who Mr. Veintemilla seeks to depose in D.E. 751.

3. J.C. who, turns out to be a confidential informant for a U.S. intelligence agency, was upon information and belief, the author of a letter known as a letter requesting "International Assistance" that was circulated and purportedly signed by many prominent Haitian citizens and politicians demanding the removal of President Moise and the assistance of the International Community.

4. J.C. was also the person who reviewed the legality and validity of a Haitian Arrest Warrant targeting the former president and signed by either a Haitian prosecutor and/or a Judge/Justice of the Haitian Supreme Court, Wendell Coq. Judge Coq is presently a fugitive of the Haitian Government. J.C. opined on the legality of the process.

1

5. J.C., who is an Ecuadorian lawyer exiled in Bolivia also rendered a legal opinion as to the legality and validity of the Haitian legal process as it pertained to the deceased president.

6. Mr. Intriago relied on J.C.'s opinion as an "International Lawyer" as to whether Mr. Intriago was acting in good faith and consistent with the law.

7. In addition to Mr. Veintemilla's detailed facts in D.E. 751, Mr. Intriago also met in person with J.C. in Bolivia many months prior to The President's murder in Haiti and came to rely on him and his legal advice. The testimony of J.C. goes to the core of Mr. Intriago's defense in this case.

8. At the time of the events and until having received discovery in this case it was unknown to Mr. Intriago that J.C. was, in fact, a C.I. for a U.S. intelligence agency[1].

**WHEREFORE**, Defendant respectfully requests that this Court grant this motion and any other relief this Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY certify that on July 2, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which sent e-mail notification of such filing to Andrea Goldbarg, AUSA, andrea.goldbarg@usdoj.gov and all CM/EFC participants in this case.

**EMMANUEL PEREZ & ASSOCIATES, P.A.**
901 Ponce De Leon Blvd.
Suite 101
Coral Gables, Florida 33134
Tel: (305) 442-7443
Fax: (305) 441-9218
Email: courtmail@lawperez.com

By: ___/s/ Emmanuel Perez___
Emmanuel Perez, Esquire
F.B.N. 586552

---

[1] The discovery received from The Government redacts the U.S. intelligence agency with which J.C. is affiliated but it is clear that he is a C.I. for a U.S. Intelligence Agency.

2