UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20104-CR-BECERRA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARCANGEL PRETEL ORTIZ, et al,

    Defendant.

_____/

## JOINT DEFENSE MOTION TO CONTINUE TRIAL

Arcangel Pretel Ortiz, Antonio Intriago, Walter Veintemilla, Christian Sanon, and James Solages jointly move this Court to continue the trial in this case until October, 2025. For the below reasons, the interests of justice support the requested continuance.

On May 12, 2024, the defendants filed a joint motion to continue the trial in this matter based on the voluminous nature of the discovery, the time consuming nature of reviewing discovery with clients in light of the broad protective order in place, the challenges presented by the large amounts of discovery in Spanish and Haitian Creole languages, and the release of an indictment by Haitian officials, which charged a separate conspiracy than the one charged by the U.S. government. The defense jointly requested a March, 2025 trial date. [DE:623]. The Court granted the motion, in part, and set a January 21, 2025 trial date instead. [DE:639]. Since that time, the parties have been diligently preparing for trial. However, it has become

1

clear that despite the best efforts of defense counsel, the defense cannot be prepared to provide effective assistance of counsel if trial were to commence at the currently set January trial date.

**I.       Discovery is extraordinarily voluminous and ongoing.**

The government has thus far provided 16 numbered discovery productions and 14 unnumbered productions, the most recent on September 12, 2024. The productions total 16.3 terabytes of data and over 6.5 million files in over 39,000 folders.[1] This estimate is specific to the discovery production for counsel from the Federal Public Defender's Office ("FPD"), but all defendants have received similar, if not the same, amounts of discovery with similar timing. When the defense previously requested a March, 2025 trial date, it informed the Court that it had received 7 terabytes of discovery and that there were approximately 120 devices included in discovery (at that time). Further, at the time of that request, the defense teams were in the initial stages of processing the device extractions and were not able to assess the size of those devices. The FPD and several other lawyers stated that new computers had to be purchased because the files were so large that it caused computers to crash. Notably, the amount of discovery that the defense based its request for a March, 2025 trial date on has now doubled in size. As of the filing of this motion, the discovery produced thus far total 16.3 terabytes, including the devices which were not previously measured.

---

[1] Each terabyte equals 1000 gigabytes; each gigabyte equals 1000 megabytes; each megabyte equals 1000 kilobytes.

Taking just the PDF reports produced to date in discovery by the government and putting aside the videos, audio files, and images also produced, it would take 4.5 years, at 1 minute per page, reviewing 24 hours a day, to review just the devices that have been turned over by the government. Accordingly, a continuance of 9-months, to October, 2025 provides a reasonable amount of time for defense counsel to work towards the review of all discovery materials, investigation (when necessary) from those materials, and preparation for trial.

Finally, defense counsel believes additional discovery is still forthcoming. At this point, the volume or significance of the discovery is unknown to the defense. As additional facts are learned in this case, certain materials in discovery that previously appeared to be of little or limited significance, become far more important than previously understood. In these instances defense counsel is required to go back to the former materials and engage in additional review. This is due to the form in which discovery has been provided to date, both in piecemeal fashion across numerous disclosures, and as a mixed, voluminous "dump" of all materials, requiring defense counsel to put the materials together not unlike a puzzle.

Given the volume of the discovery and complexity of the case, defense counsel, all experienced lawyers, have dedicated extraordinary amounts of time and resources to the case. Despite those resources and determined effort, none of the lawyers have reviewed even 50% of the discovery that has been produced thus far.

In sum, the amount of discovery is extraordinary. Defense counsel needs sufficient time to effectively review the discovery provided. Consequently, defense

counsel is asking to continue the trial 9-months from the current trial date to October, 2025.

## II. A significant portion of the discovery requires translation from Spanish or Haitian Creole.

In addition, a significant portion of the discovery is in Haitian Creole or Spanish. For example, most of the text messages on the devices provided are in Spanish or Creole. Further, it is not just written messages that need translation; there are hundreds of voice messages that require interpretation as well. While the government has provided translations for some of the text chains and documents, they have not provided translations for everything in discovery. As this Court is aware, the defense needs to review all of the discovery provided, and not just the translated documents.

There have been, and undoubtedly will be many more, documents and conversations that defense counsel is obligated to review in order to prepare for trial, but for which the government has not provided translations. Even determining from discovery what needs to be translated is a time-consuming process that is on-going. Additionally, translations are expensive. The FPD has offered to assume most of the financial burden of translation costs for the defense. However, FPD resources are not unlimited. It would cost hundreds of thousands of dollars to translate all of the discovery that has been produced without translations. Therefore, the lawyers have been attempting to use their best judgment to narrow down portions of the discovery that will be needed for trial. This is a tedious process because that determination is difficult to make, especially for the materials in Haitian Creole, because none of the

lawyers or their teams have an understanding of the language. It would be helpful if the government would provide a list of items that it has sent out for translation, that it intends to produce, so that the defense may allocate resources to other materials.

Consequently, the defense needs additional time to obtain and review the needed translations.

### III. The protective order has significantly slowed discovery review with the defendants.

As explained in our prior motion to continue the trial date, the restriction in the protective order prohibiting defense counsel from leaving with the defendants copies of certain discovery items covers nearly all of the discovery. The government has agreed to remove some portions of the discovery (phone extractions of our client's devices) from the restricted § 3500 materials designation so that defense counsel may leave some discovery with our clients to review independently. However, that only applied to a tiny fraction of the discovery that has been produced to date.

As a result, defense counsel has been unable to leave significant discovery with the defendants for their review, and the defendants have been reviewing discovery during legal visits at the Federal Detention Center. It is worth stating that counsel does not have access to internet at the Federal Detention Center. As such, defense counsel cannot access the servers that hold our discovery. Defense counsel is forced to download specific portions of the discovery onto a laptop for each visit. Given the restriction and the volume of discovery, the time needed to sit with our respective clients to review discovery is far beyond that of a regular case. Consequently, defense counsel needs additional time to meaningfully review discovery with our clients.

## IV. The case is significantly more complex than cases with even similar volumes of discovery.

It is not just the volume of discovery that requires the requested continuance. The facts alleged and the facts relevant to the defense investigation and trial preparation are extraordinarily complex. The defense is not only obligated to review the discovery provided by the government, but is also obligated to investigate all potential defenses arising from the facts surrounding the case. The review and investigation thus far shows the investigation needed in this case will be significantly more time-consuming and complex than most. For example, counsel has tabulated over 200 key people involved in the case. Additionally, investigation will require international and national travel. It will require finding documents and people in foreign countries. It will also potentially involve traveling with government protection.

As the defense conducts its preliminary investigation, it has become clear that there are several United States government agents and intelligence officers who are directly or indirectly connected to the alleged conspiracy. The bulk of this evidence is only accessible to the government and some of it exists outside of the United States. The defense anticipates that obtaining this crucial evidence will result in extensive litigation as the government has invoked the Classified Information Protection Act and has opposed the defense's request to get the appropriate security clearances.[2]

---

[2] At a previous status hearing the Court indicated that it was inclined to order one person per defense team begin the clearance process. The defense requests an order to that effect so the lawyers can begin the process.

Consequently, defense needs the time between now and the requested trial date in October to identify what avenues of investigation are needed, plan the investigation, and complete it.

### V. Mr. Ortiz had an unexpected change in counsel.

Mr. Ortiz's lead counsel was former AFPD Julie Holt, from his initial appearance on February 14, 2023, until she left the Federal Public Defender's office in May, 2024. AFPD Bunmi Lomax, having already been assigned to the case as second-chair, became lead counsel upon Ms. Holt's departure. AFPD Jan Smith joined the case in June, 2024. The FPD has made every effort to make the transition as seamless as possible. While, Mr. Smith is quickly getting up to speed, he is new to the case and needs additional time to review the voluminous discovery and prepare for trial.

### VI. Conclusion

A defendant's right to due process encompasses "sufficient time within which to prepare a defense." *Gandy v. Alabama*, 569 F.2d 1318 (5th Cir. 1978). The ability to prepare a defense is prejudiced and good cause exists to warrant a continuance. *See, e.g. United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995); *Schwarz v. United States*, 828 Fed. Appx. 628, 632 (11th Cir. 2020) (finding the court abused its discretion in not granting a continuance and explaining that, "under certain circumstances, denial of motions for a continuance of trial may vitiate the effect of this fundamental right). For the above reasons, defense counsel are jointly requesting the trial in this case be continued until October, 2025. Given the scope, complexity, and seriousness of the case, the defense contends that the requested time is

7

reasonable. The government has been investigating this case since the days following the charged conduct, in July, 2021. Approximately three and a half years later, the government is still reviewing and producing discovery. This fact speaks to the amount of time needed to be ready for trial in this case. Defense counsel conferred with AUSA Andrea Goldfarb who indicated that the government does not oppose a defense continuance. However, the government believes an approximately two-month continuance is appropriate. As explained above, that timeline is not realistic for the defense teams. Notably, for the first year of the pendency of this case, none of the undersigned defense counsel were in the case. The government has had this case for well over a year longer than the defense. The defense request for an October, 2025 trial date is a result of due consideration of several important factors, the most pertinent being the time needed to prepare. The defense also considered the desire for a specially set trial date and to avoid multiple requests for shorter continuances. Additionally, the defense considered the anticipated difficulty in identifying enough jurors who could sit for a lengthy trial during the summer months when schools are not in session and many people have prescheduled travel plans.

Defendants Pretel Ortiz, Intriago, Veintemilla, Sanon, and Solages agree to the exclusion of the time from the filing of this motion to the requested trial date from the Speedy Trial period, pursuant to 18 U.S.C. § 3161.

Respectfully submitted,

**HECTOR DOPICO**
**FEDERAL PUBLIC DEFENDER**

By:    */s/ Bunmi Lomax*
       Assistant Federal Public Defender
       Counsel for Arcangel Pretel Ortiz
       Special A Number: A5501975
       150 West Flagler Street
       Suite 1700
       Miami, Florida 33130-1556
       Tel: 305-530-7000
       bunmi_lomax@fd.org

By:    */s/ Emmanuel Perez*
       Counsel for Antonio Intriago
       901 Ponce de Leon Boulevard
       Suite 101
       Coral Gables, FL 33134
       305-442-7443
       Fax: 441-9218
       Email: courtmail@lawperez.com

By:    */s/ Tama Kudman*
       Counsel for Walter Veintemilla
       7108 Fairway Drive
       Suite 130
       Palm Beach Gardens, FL 33418
       561-472-0811
       Fax: 561-828-0210
       Email: tkudman@kudmanlaw.com

By:   */s/Zeljka Bozanic*
Counsel for Christian Sanon
17100 Royal Palm Blvd.
Ste #1
Weston, FL 33326
954-920-9750
Fax: 954-400-0335
Email: info@bozaniclaw.com

By:   */s/Jonathan Freidman*
Counsel for James Solages
101 N.E. 3rd Avenue
Suite 1500
Fort Lauderdale, FL 33301
954-713-2820
Fax: 754-301-5109
Email: JFriedmanlawfirm@gmail.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **September 30, 2024**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Bunmi Lomax*
Bunmi Lomax