UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
    Plaintiff,
v.

                                            CASE NO.: 22-20104-CR-MARTINEZ/BECERRA

ANTONIO INTRIGIAGO, et al,
    Defendants.
_____/

**SUPPLEMENTAL MEMORANDUM AND AUTHORITY IN SUPPORT OF DEFENDANT ANTONIO INTRIAGO'S CORRECTED MOTION TO DISMISS FIFTH SUPERSEDING INDICTMENT [DE 790]**

COMES NOW, the Defendant, Antonio Intriago ("Intriago" or the "Accused") by and through counsel, in supplement to the previously filed "Defendant's Motion to Dismiss Fourth Superseding Indictment" (the "Motion") and states as follows:

1. The Court held a hearing on the Motion on October 15, 2024.

2. During the hearing, the Court expressed concerns regarding the applicability of *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024) in the context of the interpretation or application of a criminal statute.

3. As argued at the hearing, *Raimondo* overruled the doctrine set forth in *Chevron U.S.A., Inc. v. NRDC, Inc.*, which required that the judiciary give "deference" to "an executive department's construction of a statutory scheme it is entrusted to administer" unless such restrictions are "arbitrary, capricious, or manifestly contrary to the statute." 467 U.S. 837, 843-844 (1984).

4. The *Chevron* doctrine had been applied in situations where "statutes [are] administered by federal agencies" – which is precisely the scheme at issue here. *Id. See also Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F. 3d 1282 (11th Cir. 2011) ("Courts apply *Chevron* deference when an agency properly exercises their authority, expressly or

1

implicitly delegated by Congress, to interpret an ambiguous statute and then promulgate rules and regulations carrying the force of law."). Here, Intriago has been charged with violating a federal *statute*, which a federal agency has been tasked to interpret and promulgate *rules* and *regulations* (i.e., the CFR) to enforce. This is precisely the situation to which *Chevron* would have been applied, prior to *Raimondo*.

5. Furthermore, the application of *Chevron* doctrine prior to *Raimondo* in a criminal context, is well documented in the decisional authority of the Eleventh Circuit and District Courts in Florida.

6. For example, in *Walther v. Bauknecht*, the Eleventh Circuit considered the interpretation of 18 U.S.C. § 3621(e)(2)(B) and the Bureau of Prison ("BOP")'s interpretation of that statute. 155 Fed. Appx. 463, 466 (11th Cir. 2005). The Court held that:

> Even assuming that 18 U.S.C. § 3621[] is a criminal statute, Congress has vested the BOP with express discretion in the application and administration of the statute. Thus, rather than apply a presumption of lenity to resolve the ambiguity, *Chevron* [*U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984)] requires that we *defer* to the agency's reasonable construction of the statute. *Chevron* deference is a tool of statutory construction whereby courts are instructed to defer to the reasonable interpretations of expert agencies charged by Congress to fill any gap left, implicitly or explicitly, in the statutes they administer.

*Walther*, 155 Fed. Appx. at 466. *See also United States v. Hoover*, 635 F. Supp. 3d 1305, 1321 (M.D. Fla. 2022) (noting that while the defendant erroneously applied *Chevron* analysis in the case, the misapplication arose from the fact that the Government sought to impose liability under the definition of a <u>statute</u> (not a code of federal regulation) provision, but otherwise taking no issue with application of *Chevron* to a criminal charge).

7. Likewise, while not specifically addressing the issue, the Third Circuit Court of Appeal in *United States v. Chandler* recognized that *Chevron* had been applied in the criminal context, to the detriment of centuries old tools of statutory interpretation – such as *lenity*. 114 F. 4th 240, 241 (3d Cir. 2024). The Court noted that the Supreme Court had overruled *Chevron*, and in that opinion "admitted that, in the past, it had sent 'mixed signals' about the interaction between *Chevron* deference and criminal statutes. But no more." *Id.* The court also noted the "tension" between *Chevron* on the one hand (which had required deference to an agency interpretation in the event of ambiguity) and lenity, on the other, which requires that criminal statutes be interpreted in favor of a criminally accused. *Id.*

8. Ultimately, if *Chevron* has been applied to criminal matters – and it undoubtedly has, to the detriment of lenity principles – it follows that *Raimondo* (which overruled *Chevron*) also applies.[1]

9. Simply put, the circumstances here required a federal agency to promulgate regulations under express or implied authority from Congress, which regulations interpret and enforce a federal statute. The *Chevron* doctrine applies in that context but has been conclusively laid to rest, by *Raimondo*, both in the criminal realm as well as the civil realm.

[THIS SPACE HAS BEEN LEFT INTENTIONALLY BLANK]

---

[1] Notably, in the criminal realm, so-called *Chevron* deference has been termed *Auer* deference. However, this "deference [under *Auer*] is applied in the same manner as *Chevron* deference and is substantively identical." *See United States v. Cleveland*, 356 F. Supp. 1215 (D. N.M. 2018).

Submitted this 16th day of October 2024.

>Respectfully Submitted,
>
>By: *Emmanuel Perez*
>Emmanuel Perez, Esq.
>Fla. Bar # 586552
>
>**LAW OFFICE OF EMMANUEL PEREZ & ASSOCIATES, P.A.**
>901 Ponce De Leon Blvd., Suite 101
>Coral Gables, FL 33134
>Tel: (305) 442-7443
>Fax: (305) 441-9218
>E: perez@lawperez.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been electronically filed and served via EM/ECF on this 16th day of October 2024.

>By: *Emmanuel Perez*
>Emmanuel Perez, Esq.