UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20104-BECERRA

UNITED STATES OF AMERICA

v.

ARCANGEL PRETEL ORTIZ, et al.,

    Defendants.
_____/

## UNITED STATES' MOTION TO STRIKE DEFENDANTS' SEALED DISCOVERY MOTION

On April 3, 2025, Defendants Walter Veintemilla, Arcangel Pretel Ortiz, and Antonio Intriago filed a sealed motion seeking to compel certain discovery disclosures (DE 995). Before filing the motion, and in violation of S.D. Fla. Local Rule 88.9(a), the Defendants failed to confer with the Government about the issues raised in the motion. And this failure is all the more glaring because the Government and all the Defendants (including the non-moving Defendants, Christian Sanon and James Solages) have scheduled a discovery conference for today, April 3, 2025, at 1:00 p.m. to discuss any outstanding discovery issues. There was no reason to file this motion on the morning of the date scheduled for this conference, and the timing of the filing can only frustrate any efforts to resolve these matters amicably. Thus, the Government respectfully requests that the Court strike the sealed motion (DE 995) or deny it without prejudice, which will afford the parties the time needed to meaningfully confer on the discovery issues raised in the motion.

### Argument

"[A]t the time of filing motions in criminal cases, counsel for the moving party" must certify either "that counsel have conferred in a good faith effort to resolve the issues raised in the motion and have been unable to do so" or "that counsel for the moving party has made reasonable

effort (which shall be identified with specificity in the statement) to confer with the opposing party but has been unable to do so." S.D. Fla. L.R. 88.9(a).

Although this rule supersedes Local Rule 7.1(a)(3) (requiring similar conferral in civil cases), the two rules share a common purpose. When parties confer in good faith about disputes, particularly regarding discovery, they often can amicably and efficiently resolve these issues without court intervention. The conferral requirement "is an integral part of our cooperative adversarial system and promotes efficient use of both the Court and the parties' time and resources." *KingdomWorks Studios, LLC v. Kingdom Studios, LLC*, 2020 WL 12182261, at *2 (S.D. Fla. Dec. 21, 2020). And it follows that conferral must be meaningful: "Sending an email . . . and then filing a motion before having an actual substantive discussion with opposing counsel does not amount to a conference or consultation." *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, 1299 n.2 (S.D. Fla. 2010). Indeed, the Court has reminded the parties about this requirement as recently as the October 24, 2024 status conference. *See* (DE 881:81-83) (requiring meaningful conferral before a potential motion to compel by Defendant Ortiz).

A court can deny a motion for failing to heed Local Rule 88.9. *See, e.g.*, *United States v. Ubieta*, 2016 WL 8715673, at *1 (S.D. Fla. June 17, 2016) ("Counsel for Defendants have failed to include a certificate of consultation with the Government in an effort to resolve this matter and thus the Court is apt to deny the Joint Motion on this basis alone."); *United States v. Philippe*, 2017 WL 1035518, at *9 (S.D. Fla. Mar. 17, 2017) (denying motion in limine due to government's failure to confer with defense counsel). Motions concerning discovery or asserting *Brady* or *Giglio* claims are no exception. *See, e.g.*, *United States v. Sanchez*, 2008 WL 11407293, at *2 (S.D. Fla. Feb. 19, 2008) (observing, in resolving a defendant's *Brady* motion: "Had the Defendant complied

2

with Local Rule 88.9 and contacted the Government in a good faith effort to resolve the issue raised in the instant Motion this matter could have been settled amicably between the parties.").

On its face, the Defendants' sealed motion (DE 995) does not comply with this rule. The motion does not certify that the Defendants either "conferred in a good faith effort to resolve the issues raised in the motion and have been unable to do so" or that they "made reasonable effort . . . to confer with the opposing party but ha[ve] been unable to do so." S.D. Fla. L.R. 88.9(a).

In fact, they took neither of those steps. The Government learned of the issues identified in the motion for the first time when served this morning. The Defendants never notified the Government that the motion was imminent, nor did they identify the specific issues raised in the motion to offer the Government an opportunity to resolve them.

This failing is especially glaring for two reasons. First, after the previous status conference, when the Defendants alluded to certain difficulties with discovery, the parties agreed to schedule a discovery conference to discuss any outstanding issues. The parties agreed to speak on April 3, 2025, at 1:00 p.m. Thus, the Defendants filed this sealed motion on the very morning that the parties plan to meet and discuss these issues. Requiring the Government to respond to a substantive motion only diverts resources and attention that the Government could otherwise spend working with the Defendants to resolve these issues. Second, and on a related note, discovery issues may be time-consuming or require additional follow-up. They demand "actual substantive discussion with opposing counsel," *Royal Bahamian Ass'n*, 744 F. Supp. 2d at 1299 n.2, to resolve. Thus, there was no reason to file this motion before giving the Government the good-faith opportunity to address these issues through a collaborative process.

**Conclusion**

Under these circumstances, the Court should either strike the Defendants' motion or deny it without prejudice to afford the parties a chance to resolve these issues without the Court's intervention.

                                              Respectfully submitted,

                                              HAYDEN P. O'BYRNE
                                              United States Attorney

By:    /s *Jason Wu*
          Jason Wu
          Assistant United States Attorney
          Court ID No. A5502299
          99 NE 4th Street
          Miami, FL 33132
          (305) 961-9226
          Jason.Wu@usdoj.gov

          /s *Sean T. McLaughlin*
          Sean T. McLaughlin
          Assistant United States Attorney
          Court ID No. A5501121
          11200 NW 20th Street, Suite 101
          Miami, FL 33172
          (305) 715-7642/7654
          Sean.McLaughlin@usdoj.gov

          SUE J. BAI
          Supervisory Official for the National
          Security Division

          /s *Andrew Briggs*
          Trial Attorney
          Court ID No. A5503251
          National Security Division
          Department of Justice
          950 Pennsylvania Avenue

Washington, DC 20530  
(202) 514-7739  
Andrew.Briggs2@usdoj.gov

**Certificate of Service**

I hereby certify that on April 3, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and thereby served all counsel of record.

/s *Jason Wu*
Jason Wu
Assistant United States Attorney