UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-20104-CR-BECERRA

UNITED STATES OF AMERICA,

vs.   **UNDER SEAL**

WALTER VEINTEMILLA.

Defendant.

_____/

# DEFENDANT VEINTEMILLA'S RENEWED EX-PARTE MOTION FOR ORDER DIRECTING THE JAIL TO PROVIDE REGULAR ACCESS TO A JAIL LAPTOP AND NOTICE REGARDING VISIBILITY OF 3500 MATERIALS

COMES NOW, the Defendant WALTER VEINTEMILLA ("Defendant Veintemilla"), by and through the undersigned counsel, and renews his motion for an order directing the Palm Beach County Jail to provide regular access to a laptop computer for review of electronic discovery apart from regularly scheduled legal visits, and in support thereof states as follows:

1. In mid-March, Defendant Veintemilla was transferred to newly refurbished housing unit "East Four" at the Palm Beach County Jail.

2. Since his transfer, Mr. Veintemilla has made daily requests for access to the jail's laptop computer to review the electronic discovery.

3. On only three occasions since his transfer has his request for the laptop been granted.

4. Mr. Veintemilla's requests for and use of the jail's laptop to review discovery are separate and apart from his regularly scheduled legal visits where the undersigned's staff provides him with a laptop.

5. Mr. Veintemilla's ability to continue to independently review the discovery is absolutely necessary for his defense with trial fast approaching.

6. The undersigned understands that use of the laptop is subject to the availability of a laptop and the conference room.

7. The undersigned understands that the entry of an order of recommendation to the Palm Beach County jail to provide Mr. Veintemilla with regular use of a laptop is non-binding upon the jail.

*Notice Regarding Visibility of 3500 Materials*

8. The East Four conference room, which is used both for legal visits, and also the three times when Mr. Veintemilla has been granted use of the jail's laptop, is equipped with a ceiling-mounted overhead camera.

9. The undersigned's paralegal has been advised by jail staff that the overhead camera is not recording, does not capture audio, and will not be turned off for any reason.

10. This video monitoring by the jail at legal visits is in contradiction with the Protective Order as to the Restricted and 3500 designations of the evidence (DE 376), as the overhead camera may capture the images of print documents being reviewed in the conference room, as well as computer screens, thus enabling jail staff to view Restricted and 3500 materials.

11. The jail has been provided with a copy of the Protective Order.

12. This Notice is provided to the Court out of an abundance of caution and to remain compliant with the Court's order.

13. This motion is made in good faith.

WHEREFORE, for the reasons set forth herein, the undersigned respectfully requests the entry of an order of recommendation to the Palm Beach County Jail to ensure Mr. Veintemilla's regular use of a laptop to review electronic discovery apart from his legal visits, and for other and further relief deemed just and proper under the circumstances.

Dated: May 1, 2025                          Respectfully submitted,

| | |
|---|---|
| **KUDMAN TRACHTEN ALOE POSNER, LLP** | **TACHE, BRONIS AND DESCALZO, P.A.** |
| | Marissel Descalzo, Esq |
| | 150 S.E. 2nd Avenue, Suite 600 |
| Tama Beth Kudman, Esq. | Miami, Florida 33131 |
| 7108 Fairway Drive, Suite 130 | Telephone:   (305) 537-9565 |
| Palm Beach Gardens, Florida 33418 | Facsimile:   (305) 537-9567 |
| Tel: (561) 472-0811; | Florida Bar No. 669318 |
| Facsimile: (561) 828-0210 | mdescalzo@tachebronis.com |
| Florida Bar No. 637432 | service@tachebronis.com |
| tkudman@kudmanlaw.com | |
| | |
| By: /s/ Tama Kudman | By: /s/ Marissel Descalzo |