UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cr-20104-JB

UNITED STATES OF AMERICA

vs.

ARCANGEL PRETEL ORTIZ, et al.,

Defendants.

_____/

ORDER MEMORIALIZING ORAL RULING
ON DEFENDANTS' MOTION FOR RULE 15 DEPOSITION

**THIS CAUSE** is before the Court upon Defendants, Antonio Intriago, Arcangel Pretel Ortiz, Walter Veintemilla, James Solages and Christian Sanon's (collectively, the "Defendants") Renewed Joint Sealed Motion for Deposition Pursuant to Rule 15, ECF No. [1021] (the "Motion").

On March 19, 2025, Defendants filed a Sealed Motion for Deposition Pursuant to Rule 15, seeking to depose fifteen individuals currently detained in Haiti (the "Original Motion"). ECF No. [984]. The United Stated filed a Response to the Original Motion. ECF No. [1002]. For the reasons stated on the record during the hearing held before the undersigned on April 16, 2025, the Court denied the Original Motion without prejudice and with instructions that Defendants refile by April 23, 2025.[1]  *See* ECF No. [1014].

---

[1] The Court permitted Defendants to refile if counsel could confirm that the individuals were willing to testify, and if so, that they had been made aware of their rights with the assistance of proper legal counsel.

1

On, April 23, 2025, Defendants filed the instant Motion, to which the United States filed a Response, ECF No. [1026],[2] and Defendants filed their Joint Reply, ECF No. [1060].  The Court heard argument on the Motion at the hearing held on May 8, 2025, and, for the reasons stated on the record at the hearing held on May 19, 2025, which are incorporated herein, the Court grants the Motion in part and denies the Motion in part.

Rule 15 of the Federal Rules of Criminal Procedure provides, in relevant part, that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial.  The court may grant the motion because of exceptional circumstances and in the interest of justice." *See* Fed. R. Crim. P. 15(a)(1).  In considering whether "exceptional circumstances" exist to afford such relief, the Eleventh Circuit directs that this Court consider whether (i) the witness is unavailable to testify at trial; (ii) injustice will result because testimony material to the movants case will be absent; and (iii) countervailing factors render taking the deposition unjust to the nonmoving party. *See U.S. v. Cordoba*, 2012 LEXIS 11680 *11 (S.D. Fla. Aug. 20, 2012) (citing *U.S. v. Ramos*, 45 F. 3d 1519, 1522-23 (11th Cir. 1995).  The party seeking to engage in depositions has the burden of demonstrating that exceptional circumstances exist. *See id.*  The Eleventh Circuit has set forth a *general* rule that "when the prospective deponent is unavailable for trial and the absence of his or her testimony would result in injustice" the "exceptional

---

[2] The United States later filed an unsealed and redacted version of their Response. ECF No. [1056]. To date, Defendants have not filed redacted versions of the Motion or Original Motion.

circumstances" standard has been satisfied, and the deposition should be ordered. *See United States v. Drogoul,* 1 F. 3d 1546, 1552 (11th Cir. 1993). For the reasons articulated by the Court during the Status Conference and Hearing, Defendants have met their burden.

As to the first factor, the deponents are in custody in Haiti and are clearly unavailable. As to the second factor, the "principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case." *See United states v. O'Sullivan,* 553 F. Supp. 2d 1349, 1352 (M.D. Fla. 2008). "Materiality" in this context is interpreted in the same manner as *Brady,* and "requires examining the expected testimony of the proposed deponent to ascertain (i) whether it is exculpatory, i.e., tends to negate an element of the crime or to establish a defense, and (ii) whether it is cumulative of other evidence." *See United States v. Erdmann,* 2016 U.S. Dist. LEXIS 148944 * 7 (M.D. Fla. Oct. 27, 2016). Defendants have sufficiently articulated the materiality of the deponents' expected testimony.

If the first and second factor are met, this Court must then determine whether the need for the deposition is "outweighed by certain countervailing factors." *See Drogoul,* l F. 3d at 1554. The burden is on the non-moving party to establish that taking the deposition "will cause injustice." *See O'Sullivan,* 553 F. Supp. 2d at 1352. This burden has been classified as a "high burden." *Id.* Mere concerns regarding *logistics* or safety of travel for the purpose of engaging in the deposition are not sufficient "countervailing factors" to deny a Rule 15 deposition, where the moving

party has otherwise satisfied its burden. *See e.g., United States v. Khan,* 794 F. 3d 1288, 1207-08 (11th Cir. 2015) (finding that concerns of the prosecutor regarding the logistics of traveling to Pakistan to conduct depositions of the proposed witnesses were not sufficient to deny the moving party a right to a fair and full trial and fashioning a compromise to utilize video teleconferencing technology). For the reasons noted by the Court, the Government cannot meet its high burden. Although the difficulties of traveling to Haiti to conduct these depositions should not be understated, there appears to be no reason why the depositions could not take place over videoconference.

Upon due consideration of the Motion, the pertinent portions of the record, the relevant authorities, and for the reasons articulated at the May 8 and May 19 hearings, each of which are incorporated herein, it was **ORDERED AND ADJUDGED** as follows**:**

1. the Motion is **GRANTED IN PART AND DENIED IN PART**.
    a. A video deposition of the following individuals shall take place no later than **thirty (30) days** from the date of this Order: Naiser Franco Castaneda, Juan Carlos Yepes Clavijo, Victor Albeiro Pineda Cardona, Carlos Giovanni Guerrero Torres, and Edwin Blanquicet.
    b. Each deposition shall be no longer than eight hours.
    c. Any cost associated with the video deposition will be paid by the Government.

d. Defendants may seek leave to take further depositions if they can meet the requirements of Rule 15, and can make specific showing as to why additional depositions are necessary.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of May, 2025.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**