UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 22-20104-CR-BECERRA(s)(s)(s)(s)(s)

UNITED STATES OF AMERICA

vs.

ARCANGEL PRETEL ORTIZ, *et al.*,

    Defendants.
_____/

## MR. PRETEL ORTIZ'S OMNIBUS RESPONSE
## TO THE GOVERNMENT'S MOTIONS *IN LIMINE*

    Mr. Arcangel Pretel Ortiz, through undersigned counsel, responds to the government's twelve motions *in limine*, DE 1302-1311 and 1314-1315, all filed on December 16, 2025, and in support states:

    Mr. Pretel Ortiz opposes all the motions *in limine* the government has filed on the basis that they lack a legal basis, are premature or are not actual motions *in limine* at all. Speaking to the last contention, many of the government's motions *in limine* request that the Court follow the "tenets of basic fundamental trial procedure" and, hence, are not motions *in limine* at all. *United States v. Fuentes-Flores*, 2015 U.S. Dist. LEXIS 12868, at *7 (M.D. Fla. Jan. 20, 2015). For example, the government has moved this Court *in limine* to prevent defense counsel from conducting improper impeachment, improper use of hearsay and from making prohibited arguments. As officers of the Court, defense counsel are already charged with having knowledge of and following the rules of this Court, including the Rules of Evidence.

    Having said that, there are issues that the government's motions raise that will likely be the subject of fair exploration during cross examination. For instance, in the government's

motion *in limine* regarding the Haitian charging document, DE 1302, ordinarily a charging document, particularly one that has not been reduced to a conviction, would not be a fit subject for cross examination. However, under certain circumstances it could be. The government has indicated that it will call Ms. Martine Moïse, the former First Lady of Haiti, as a witness in its case-in-chief. Ms. Moïse was originally charged in the indictment brought by Magistrate Voltaire in Haiti. That indictment has since been rescinded and a new charging document has been ordered by the Haitian government. Depending on what the status of those charges are at the time Ms. Moïse testifies, her exposure to prosecution and the existence of charges in Haiti may be a proper area for cross examination to probe for potential bias. *See De Lisi v. Crosby*, 402 F.3d 1294, 1301 (11th Cir. 2005).

Another motion seeks to prevent argument or questions regarding the defendants' sentencing exposure if convicted. DE 1304. This is a banal enough request that doesn't seem worth mentioning. However, it is anticipated that as many as five cooperating codefendants will be testifying on behalf of the government who have pled to charges that the defendants here face and have been sentenced to life imprisonment. A thorough examination of their charges, plea and ultimate sentence is clearly fair game for exploration during cross examination to ferret out bias and motive to curry favor with the government.

The government also seeks to prevent the admission of newspaper or non-governmental reports that are hearsay. DE 1308. While Mr. Pretel Ortiz agrees that hearsay, without a proper exception, should be inadmissible, the query is slightly more fact intensive than is suggested by the relief the government seeks. For example, expert witnesses routinely base their opinions on hearsay facts or data, which may be "disclose[d] … to the jury … if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703; *United States v. Garcia*, 447 F.3d 1327, 1336 (11th Cir. 2006).

Regarding the government's motion in limine pertaining to Rule 404(b) evidence, DE 1311, Mr. Pretel Ortiz agrees that the motion should be denied as to Mr. Veintemilla for the reasons stated in his response. DE 1337. Mr. Pretel Ortiz writes separately, however, to emphasize that regardless of whether the government's proffered 404(b) evidence is admissible against Mr. Veintemilla, its admission at trial would be unfairly prejudicial to Mr. Pretel Ortiz. If the jury were to hear that funds used by CTU, and by implication Mr. Pretel Ortiz, were allegedly tainted by fraud, such evidence would cause substantial and unfair prejudice. There is no evidence whatsoever that Mr. Pretel Ortiz had any knowledge or reason to suspect that funds received by CTU were allegedly tainted by fraud. Admission of this evidence would therefore result in impermissible prejudicial spillover to Mr. Pretel Ortiz well beyond the negligible probative value it would provide to the jury. *Cf. United States v. McLain*, 823 F.2d 1457, 1466 (11th Cir. 1987) (Severance appropriate where quantum of evidence against lead defendant would lead to prejudicial spillover to appellant). This prejudice would be exacerbated by the fact that Mr. Pretel Ortiz could not compel the testimony of Mr. Veintemilla to clear up any misunderstandings regarding the source and origins of the funds relied on by CTU—funds that the government now contends were fraudulently derived.

In sum, the government's motions *in limine* should be denied without prejudice so that the potential evidence adduced, if such an attempt occurs, can be evaluated in the context of the development of the trial and foundation laid out for its admission.[1]

---

[1] Mr. Pretel Ortiz does not believe that the motion *in limine* relating to the public-authority defense, DE 1315, applies to him as he has not filed a notice of intent to seek that defense pursuant to Rule 12.3.

WHEREFORE, Mr. Pretel Ortiz requests that the government's motions *in limine* be denied without prejudice to renew at the appropriate time during trial.

Respectfully submitted,

| **David A. Howard, P.A.** | **do Campo & Thornton, P.A.** |
|---|---|
| The Ingraham Building | Chase Bank Building |
| 25 S.E. 2nd Avenue, Ste. 1100 | 150 S.E. 2nd Avenue, Ste. 602 |
| Miami, Florida 33131 | Miami, Florida 33131 |
| Telephone: (786) 360-6056 | Telephone: (305) 358-6600 |
| Facsimile: (305) 536-2170 | Facsimile: (305) 358-6601 |

By:  s/ *David A. Howard*
    David A. Howard
    Florida Bar No. 956589
    david@davidhowardlaw.com

By:  s/ *Orlando do Campo*
    Orlando do Campo
    Florida Bar No. 0156582
    od@dandtlaw.com

By:  s/ *Daniela Jaramillo*
    Daniela Jaramillo
    Florida Bar No. 1002266

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                        s/ *Orlando do Campo*
                        Orlando do Campo