UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-CR-20104-JB

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| CHRISTIAN SANON | ) |
| Defendant. | ) |

**DEFENDANTS' JOINT MOTION TO COMPEL BRADY MATERIAL**

The Defendants, Christian Sanon, Arcangel Pretel Ortiz, Antonio Intriago, Walter Veintemilla and James Solages (collectively the "Defendants"), by and through their respective counsel, respectfully move this Court, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, to enter an order compelling the United States to disclose to the Defendants the identity of "Witness 2", the related FBI 302 reports and the underlying FBI notes describing agents' interviews with "Witness 2", insofar as those documents relate to the issues presented at trial in this case.

## INTRODUCTION

In the matter of *United States v. Germine*, Case No.:1:21-CR-669-JDB (D.D.C.), the Government's Memorandum in Aid of Sentencing identifies an individual as "Witness 2" who provided information to the FBI concerning "the planned assassination of President Moise".

> An additional individual who did not testify at trial provided statements related to defendant Germine and his control of the gang, including in July 2021. "Witness 2" was familiar with members of 400 Mawozo due to his friendship with 400 Mawozo members. Witness 2 is personally familiar with defendant Germine, Gaspiyay, Pelice, Tunis, and Vitel'Homme, as well as other members of the gang, and Witness 2 was able to identify photographs of the same to the FBI. Witness 2 provided the following information to the FBI according to statements by defendant Germine, prior to the assassination of Haitian President Moise (in July 2021), political rivals of Moise met with gang leaders, including Vitel Homme. Defendant Germine attended the meeting by phone. The political rivals told the gang members about the planned assassination of President Moise and asked for their support and silence. The gangs were made promises in order to obtain their support.

*See* Sent'g Memo. 9, Dkt. No. 223. Case No.: 1:21-CR-669-JDB (D.D.C.).

These revelations, made to the Government are exculpatory in nature, and must be disclosed under *Brady*. The only way to protect Defendants' rights is for this Court to order the Government to disclose to the defendants the identity of "Witness 2", the related FBI 302 reports and the underlying FBI notes describing agents' interviews with "Witness 2".

I. **BACKGROUND**

In an email dated February 5, 2026, undersigned counsel, Humberto Dominguez, requested the disclosure of "Witness 2". The Government denied this

request stating it exceeds their discovery obligations, and relied heavily on *United States v. Meros*, 866 F.2d 1304, 1309 (11th Cir. 1989). In *Meros*, the courts held that as a general matter, the "prosecution team" means the federal, state, and local law enforcement officers and other government officials participating in the investigation and prosecution of a particular criminal case. *See generally Kyles v. Whitley*, 514 U.S. 419, 437 (1995). *Meros* further held that information possessed by other investigatory teams or other U.S. Attorney's Offices collected while pursuing other cases that might have some factual or temporal overlap with the events at issue, was not in their possession for *Brady* purposes. *See Meros*, 866 F.2d at 1309.

The Government contends that *Germine* did not stem from a joint investigation and involved a Haitian gang's gun smuggling, money laundering, and kidnappings. In *Germine's* other criminal case, the government stated that that "the major revenue driver for the gang threatened the continued viability of Haiti's fragile national government" and that his "supervision and direction of the gang's hostage takings contributed to the ongoing instability in Haiti threatening its people and government." *See* Case No.: 1:22-CR-161-JDB, Sent'g Memo. 11-12, Dkt. No. 129 (D.D.C). The defense cannot simply take the Government's word that there was no joint investigation, when their own documents show a cause-and-effect relationship between the Haitian gangs led by Germine, and the assassination of President Moise.

Additionally, *Meros* focuses on general matters, and the 'average' criminal case. This case is a complex case and concerns the planned assassination of Haitian President Moise. This case is being prosecuted by multiple components of the Department of Justice, including the U.S. Attorney's Office for the Southern District of Florida, the National Security Division and the various intelligence agencies. The investigation dictates that the prosecutor is required to conduct a prudential search, which must include a search for *Brady* material.

## II.  MEMBERS OF THE PROSECUTION TEAM DUTY TO DISCLOSE

It is well settled law that the obligation of *Brady* extends to all members of the prosecution team, and not just the prosecutor.  Knowledge of discoverable information unknown to the prosecutor but known to a law enforcement agent on the prosecution team may be imputed to the prosecutor.

Two of the government's listed trial witnesses in this case testified in the *Germine* case: FBI Special Agent Ryan Bonura and FBI Task Force Officer Zachary Harrison.  FBI Special Agent Ryan Bonura testified in *Germine* that he "was one of the primary case agents."  See Trial Tr. 29:22, Dkt. No. 102 (May 7, 2025).  It would be a reasonable expectation that as a primary case agent in the *Germine* case, Special Agent Bonura would have knowledge of the statements made by "Witness 2".

In *McMillian v. Johnson*, the Eleventh Circuit held that the prosecution team violated their Brady obligations by failing to disclose Brady material discovered by

investigators during a separate, but related contemporaneous investigation, 88 F.3d 1554, 1568-69 (11th Cir. 1996).

### III. THIS COURT SHOULD ORDER THE RELEASE OF ALL FBI 302 REPORTS AND ALL AGENT NOTES RELATED TO WITNESS 2

The Defendants submit that the appropriate relief is an order requiring the Government to produce to the Defendants all references to "Witness 2", the FBI 302 interview reports relating to the issues in this trial, Witness 2's debriefing(s) and the agents' rough notes underlying the 302s. This remedy is required to ensure that Defendants are provided with any and all information necessary for them to obtain a fair trial.

## **CONCLUSION**

WHEREFORE, the Defendants, respectfully request that this Honorable Court grants the requested relief and/or any other relief deemed necessary.

                                              Respectfully submitted,

| BOZANIC LAW, P.A. | HUMBERTO R. DOMINGUEZ, P.A. |
|---|---|
| 101 NE 3rd Avenue | 9100 S. Dadeland Blvd. |
| Suite 1500 | Suite 1500 |
| Ft. Lauderdale, FL 33301 | Miami, FL 33156 |
| Telephone:  954.920.9750 | Telephone:  305.373.6400 |
| E-Mail: info@bozaniclaw.com | E-Mail: bert@hdominguezlaw.com |
| | |
| */s/Zeljka Bozanic* | */s/Humberto R. Dominguez* |
| By:_____ | By:_____ |
|     Zeljka Bozanic |     Humberto R. Dominguez |
|     Florida Bar No.  23707 |     Florida Bar No.  837903 |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on February 9, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

                                       Respectfully submitted,

                                       BOZANIC LAW, P.A.
                                       101 NE 3rd Avenue, Ste. 1500
                                       Ft. Lauderdale, FL 33301
                                       Telephone:  954.920.9750
                                       Facsimile:   954.400.0335
                                       E-Mail: info@bozaniclaw.com

                                           */s/Zeljka Bozanic*
                    By:_____
                                         Zeljko Bozanic
                                         Florida Bar No.  23707