**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 22-CR-20104-BECERRA**

UNITED STATES OF AMERICA,
Plaintiff,
v.

PALACIOS PALACIOS, et al,
Defendant.
_______________________________________/

## JOINT MOTION FOR ACCESS TO DAILY TRIAL TRANSCRIPTS IN THE TRIAL OF CHRISTIAN EMMANUEL SANON

The Defendants newly charged in the Sixth Superseding Indictment, who have appeared through counsel appointed under the Criminal Justice Act[1], move for access, to the daily trial transcripts that the court reporter is filing in Mr. Sanon's trial.

Trial of Defendant Sanon commenced on September 28, 2026. ECF No. 2034. The court reporter files the transcript of each trial day on the CM/ECF docket, beginning with Day 1. ECF No. 2073. Each transcript is docketed subject to a restriction on CM/ECF that lasts for months. Until the restriction

[1] Defendants and their counsel of record are: Joseph Felix Badio (Lauren Field Krasnoff); Carlos Giovanni Guerrero Torres (Michael Gary Smith); Victor Albeiro Pineda Cardona (Juan J. Michelen); Juan Carlos Yepes Clavijo (Jose-Carlos A. Villanueva); Naiser Franco Castaneda (Dustin M. Tischler); Angel Mario Yarce Sierra (Patrick David Wilson); Jheyner Alberto Carmona Flores (Robert Michael Perez); Edwin Enrique Blanquicet Rodriguez (Jose Rafael Rodriguez); Manuel Antonio Grosso Guarin (Richard Anthony Merlino, Jr.); Jhon Jairo Ramirez Gomez (Joseph Steven Rosenbaum); Francisco Eladio Uribe Ochoa (Teresa Williams); Alejandro Giraldo Zapata (James Scott Benjamin); Neil Caceres Duran (Albert Zachary Levin); Jhon Jader Andela (David Antonio Donet, Jr.); Enalber Vargas Gomez (Marc David Seitles); John Jairo Suarez Alegria (Juan de Jesus Gonzalez); Gersain Mendivelso Jaimes (Nayib Hassan); Alex Miyer Peña (Ricardo P. Hermida); Samir Handal (Paul Domenic Petruzzi); Jameela Ammara Simmons (Daniel Lawrence Rashbaum); Marcel Williamson (Michael Robert Band); and Travis Barrett Nave (Manuel Gonzalez, Jr.).

is released, a transcript may be viewed only at the courthouse public terminal or purchased from the court reporter. Remote access through PACER becomes available only upon release. Movants are charged in the same Sixth Superseding Indictment, and the testimony concerns the events alleged there.

Need for a transcript turns on "the value of the transcript to the defendant in connection with the appeal or trial for which it is sought" and "the availability of alternative devices that would fulfill the same functions as a transcript." *Cf. Britt v. North Carolina*, 404 U.S. 226, 227 (1971). A transcript of witness testimony is valuable "as a discovery device in preparation for trial, and as a tool at the trial itself for the impeachment of prosecution witnesses." *Id.* at 228.

The court reporter has advised that one CJA attorney receives a copy and is tasked with providing copies to the CJA attorneys appointed in the same case. In most cases that arrangement works. Here, however, twenty-two CJA attorneys are involved, and the attorneys designated to receive the transcripts are in the midst of an extended trial. It is unreasonable to ask trial counsel to field twenty-two requests for each day's transcript. Access through the docket itself gives every Movant the transcript once, as filed, without burdening trial counsel.

**WHEREFORE,** the Defendants identified in Footnote 1 request that the Court direct the Clerk of Court to grant counsel of record for Defendants

remote electronic access to each Sanon trial transcript on the docket as it is filed, notwithstanding the restriction on public remote access.

Dated: October 12, 2026

Respectfully submitted,

**STUMPHAUZER KOLAYA**
**& SLOMAN, PLLC**
Two South Biscayne Blvd.,
Suite 1600, Miami, FL 33131
Telephone: (305) 614-1400

*/s/ Juan J. Michelen*
Florida Bar No. 92901
jmichelen@skslegal.com

**CERTIFICATE OF SERVICE**

I certify that on October 12, 2026, I filed the foregoing document via CM/ECF, which will serve all counsel of record through the Court's electronic notification system or by other authorized means for those not receiving electronic notices.

*s/ Juan J. Michelen*